IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN GONZALEZ,

       Plaintiff,

v.                                                                      No. 2:23-cv-0405 MIS/DLM

ADVENTURE ENTERPRISES, LLC,
RIGOBERTO LOPEZ RUIZ,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Motion to Close Duplicate Case and Refund Request. (Doc. 3.) Plaintiff asserts that "[o]n May 10, 2023, Plaintiff's counsel inadvertently filed two separate cases involving the same lawsuit and parties." (*Id.* at 1.) The cases were numbered 2:23-cv-0401 and 2:23-cv-0405.

On May 10, 2023, in 23-cv-0401, the Court ordered Plaintiff to file an amended complaint to properly allege facts sufficient to establish diversity jurisdiction. (*See* Doc. 3.) On May 11, May 12, and May 16, staff from the Clerk's Office called Plaintiff's counsel's office on three separate occasions and left voicemail messages regarding the filing of the duplicate case. (*See* Docket in 2:23-cv-0405.) The docket text from the May 16, 2023 entry notes that a "[r]eturn phone call has not been received." (*See id.*) Clerk's Office staff spoke with someone at the attorney's office on May 17, 2023, about a motion to dismiss and a request for a refund of filing fees. (*See id.*)

On June 13, 2023, Plaintiff's counsel filed the motion under consideration. (Doc. 3.) Counsel asks the "Court to close the duplicate case . . . and issue a refund of the filing fee ($402) that was paid in error." (*Id.* at 2.) Plaintiff cites no authority that would allow the Court to refund the filing fee. In fact, the Court's own research uncovered persuasive authority that prohibits such

a refund. *See Mackin v. Om Sai Corp.*, No. 1:21-cv-1052 JFR/KRS, 2021 WL 5937589, at *1 (D.N.M. Dec. 16, 2021) (discussing Guide to Judiciary Policy, Vol. 4, Ch. 6 § 650.10). Section 650.10 of the Guide to Judiciary Policy provides that "[t]he Judicial Conference's current policy on refunding filing fees, in effect since 1949, has been broadly interpreted to generally prohibit refunds of fees due upon filing, even if a party filed the case in error or the court dismissed the case or proceeding." Guide to Judiciary Policy, Vol. 4, Ch. 6 § 650.10.

In *Mackin*, the plaintiff filed eleven cases. 2021 WL 5937589, at *1. The Court consolidated ten of the cases, finding that they were "essentially identical," and the plaintiff moved for a refund of the filing fees. *Id.* The court denied the motion, noting that the plaintiff chose to file the "cases separately, and the Court expended resources to screen all eleven cases and determine whether they should be consolidated." *Id.* The court relied on § 650.10 in denying a refund. *See id.*

In a more recent case, a pro se prisoner plaintiff opened a case and submitted a filing fee in 2021. *Wiggins v. Gonzalez* No. 22-cv-279 JCH/KBM, 2023 WL 2390865, at *1 (D.N.M. Mar. 7, 2023). The plaintiff later came to believe that the filing fee had been lost by his facility, and he opened a *second* case regarding that alleged loss, paying a second $25 filing fee. *See id.* at *1, *6. "In fact, the filing fee was timely received by the Court on September 29, 2021, but, owing to a receipting error in the Clerk's Office, it was not recorded until November 30, 2022." *Id.* at *1 (citation omitted). The plaintiff later requested a refund of the filing fee, and the Court denied the request. *Id.* at *6. The court cited two sources of authority for the denial: 28 U.S.C. § 1915, which "calls for assessment of 'a[] . . . filing fee' each time a prisoner 'brings a civil action[,]'" *id.* (quoting *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016)), and § 650.10.

2

The undersigned finds *Mackin* and *Wiggins* instructive and recommends that the Court deny the request for a refund of filing fees. "While the situation may be frustrating, there is no authority permitting a refund under these circumstances." *See Wiggins*, 2023 WL 2390865, at *6.

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Close Duplicate Case and Refund Request (Doc. 3) be **GRANTED in part**: the undersigned recommends that the Court **DENY** the request for a refund of the filing fee, and **GRANT in part** the request to dismiss by administratively closing the case as duplicative.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE